**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES D. DARBY,<br><br>PLAINTIFF,<br><br>V.<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>DEFENDANT. | ) | Civil Action No.: ______________<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff James D. Darby ("Plaintiff") respectfully submits the following Complaint:

## INTRODUCTION

1. Plaintiff is a former employee of Matheson Flight Extenders, Inc. ("Defendant"). Plaintiff asserts claims of disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA").

2. Plaintiff seeks declaratory and injunctive relief, back pay and lost benefits, front pay, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs of litigation to remedy these civil rights violations.

## JURISDICTION AND VENUE

3. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

4. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff is a resident of Riverdale, Georgia and submits himself to the jurisdiction of this Court.

6. Defendant is a foreign profit corporation licensed to conduct business in the State of Georgia.

7. At all times relevant to this action, Defendant conducted business, maintained facilities, and derived substantial revenue in the State of Georgia and is subject to the jurisdiction and venue of this Court.

8. Defendant may be served with process by serving a copy of the Complaint and Summons on its registered agent, Registered Agents, Inc., 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia 30076.

9. Defendant is an employer as defined by the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has satisfied all administrative prerequisites to perfect his claims under the ADA. Specifically, he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff has now received the Notice of Right to Sue for his claims under the ADA within the last ninety (90) days.

## FACTUAL ALLEGATIONS

12. Defendant is a logistics company. It is a service contractor for the U.S. Postal Service (USPS) and commercial carriers, processing 53 million plus pounds of parcels per month.

13. Plaintiff began his employment with Defendant in November 2021.

14. In February 2022, Plaintiff was promoted from Operations Supervisor to Station Manager based on his strong performance.

15. During his employment, Plaintiff reported to Dena Kenny, Director of Operations.

16. Plaintiff never received any counseling or negative performance reviews during his employment at Defendant.

17. On September 4, 2022, which was a scheduled day off of work for Plaintiff, he began having really bad chest pain.

18. On September 5, 2022, Plaintiff was admitted to the hospital.

19. That same day, Plaintiff notified Ms. Kenny that he was in the hospital and was suffering from stress, anxiety, and high blood pressure due to the fact that he had recently lost his mother and son.

20. On September 6, 2022, Ms. Kenny notified Plaintiff that she was placing him on a personal leave of absence.

21. On September 7, 2022, Plaintiff received an email stating that Brandon Allen would be placed in the role of Acting Station Manager until further notice.

22. On September 8, 2022, Plaintiff informed Ms. Kenny that he had been discharged from the hospital but that his mental health provider had not yet released him to return to work. Plaintiff told Ms. Kenny that he had overworked himself (working more than 80 hours per week) and had not dealt with his mental health.

23. During that phone conversation, Ms. Kenny was very agitated and standoffish when discussing his leave of absence.

24. On or about September 30, 2022, Plaintiff was cleared to return to work and he sent Defendant his return-to-work paperwork.

25. At the beginning of October 2022, Plaintiff sent Ms. Kenny and Samantha Young, Human Resources, several emails and text messages asking them to provide an update on when he could return to work.

26. On October 2, 2022, Plaintiff sent Ms. Kenny a text message that said, "Good morning, I am not sure what the issue is with my return. I don't understand. If you feel I did something wrong, you can let me know. I don't feel I wronged this company in any way. On the contrary, I simply worked myself until my body broke down."

27. On October 13, 2022, Plaintiff was abruptly terminated. Plaintiff was not provided with a reason for termination and was simply told that he was terminated because Georgia is an at-will employment state.

## COUNT I

**Disability Discrimination in Violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq*.**

28. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

29. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

30. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A).

31. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(B) inasmuch as he has a record of an impairment as defined by the Act.

32. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(C) inasmuch as he was regarded as a person with an impairment as defined by the Act.

33. Defendant is, and at all times relevant to this litigation was, aware of Plaintiff's disability and history and record of disability.

34. Plaintiff is, and at all times relevant hereto was, a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential function of his job.

35. Defendant discriminated against Plaintiff in violation of the ADA by taking adverse actions against him, including but not limited to, terminating his employment.

36. Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

37. As a direct and proximate result of Defendant's intentional discrimination, the Plaintiff has suffered out-of-pocket losses and has been deprived

of job-related economic benefits, including income in the form of wages and other job-related benefits, in an amount to be established at trial.

38. In addition, Defendant's actions have caused, and continue to cause, the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II

**Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.***

39. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

40. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

41. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1).

42. Plaintiff requested a reasonable accommodation from Defendant. Specifically, Plaintiff requested a leave of absence to deal with his stress, anxiety, and high blood pressure.

43. Plaintiff's accommodation request was reasonable.

44. Defendant failed to accommodate Plaintiff's request and failed to engage in an interactive process with Plaintiff regarding his accommodation request.

45. Defendant's actions amount to a violation of the ADAAA which requires reasonable accommodations for disabilities.

46. The direct and proximate result of Defendant's actions has been to deprive the Plaintiff of income and benefits due to him.

47. The actions taken against the Plaintiff have caused him to suffer both monetary and non-monetary damages to be established at trial.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) declare that Defendant has violated Plaintiff's rights under the federal statutes listed above;

(b) permanently enjoin Defendant from violating, in the future, Plaintiff's rights under the federal statutes listed above;

(c) award Plaintiff full back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(d) award Plaintiff prejudgment interest as required by law;

(e) award Plaintiff compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(f) award Plaintiff front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(g) award Plaintiff punitive damages, against Defendant sufficient to punish it for its unlawful conduct and deter it from repeating such conduct in the future, as determined by the enlightened conscience of a jury;

(h) award Plaintiff reasonable attorneys' fees and expenses; and

(i) grant such additional relief as may be just.

Respectfully submitted, this 8th day of June, 2023.

*s/ Jackie Lee*
Jackie Lee
Georgia Bar No. 419196
LEE LAW FIRM, LLC
695 Pylant Street NE, Suite 105
Atlanta, Georgia 30306
Telephone: (404) 301-8973
jackie@leelawga.com

**COUNSEL FOR PLAINTIFF**